SUSANA ALCALA WOOD, City Attorney (156366)
ARDELL JOHNSON, Assistant City Attorney (95340)
SEAN RICHMOND, Chief Deputy City Attorney
NICHOLAS SYMPSON, Sr. Deputy City Attorney (295535)
Office of the City Attorney
200 East Santa Clara Street, 16th Floor
San José, California 95113-1905
Telephone Number: (408) 535-1900
Facsimile Number: (408) 998-3131
E-Mail Address: cao.main@sanjoseca.gov

Attorneys for CITY OF SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RICHIE HAMPTON,<br>Plaintiff,<br>v.<br>CITY OF SAN JOSE,<br>Defendants. | Case Number: 26-cv-11037-NW<br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT** |

## I. <u>INTRODUCTION</u>

Defendant City of San Jose does not oppose remand if Plaintiff unequivocally and permanently abandons, with prejudice, the second cause of action for intentional tort under California Civil Code section 52.1, commonly known as *the Bane Act*, including the federal constitutional theory pleaded as part of that claim.

Defendant removed this case to a federal forum because Plaintiff pleaded that City police officers violated his federal constitutional rights, including his rights under the Fourteenth Amendment, as part of his second cause of action. Plaintiff now seeks remand based on a proposed First Amended Complaint that omits that claim and leaves only a cause

of action for general negligence.

The omission of a claim through amendment, however, does not necessarily result in a dismissal with prejudice. In the Ninth Circuit, eliminating an individual claim is governed by Federal Rule of Civil Procedure 15, and prejudice does not automatically attach when a claim is dropped through amendment before final judgment. *Hells Canyon Pres. Council v. United States Forest Serv*., 403 F.3d 683, 687 (9th Cir. 2005). Thus, without an express dismissal or binding abandonment with prejudice, Plaintiff could attempt to revive the omitted claim after remand.

The City therefore conditionally does not oppose remand, provided that Plaintiff first files an unequivocal written abandonment and waiver with prejudice of the second cause of action and the Court memorializes that abandonment in its remand order. If Plaintiff will not do so, the City opposes the motion and requests that the Court deny it without prejudice or defer decision until the status and final disposition of the second cause of action are resolved.

## II. STATEMENT OF FACTS

### A. PROCEDURAL HISTORY

Plaintiff filed this action in the Superior Court of California, County of Santa Clara, asserting causes of action for general negligence and intentional tort. The second cause of action invoked *the Bane Act* and alleged that City police officers violated Plaintiff's federal constitutional rights, including his rights under the Fourteenth Amendment.

The City removed the action on the ground that the second cause of action expressly presented a federal constitutional theory, with supplemental jurisdiction asserted over the negligence claim. Plaintiff now moves to remand, representing that he has or will seek to file a First Amended Complaint removing all federal questions. Plaintiff attached that proposed pleading as Exhibit A of his Motion to Remand. The attached First Amended Complaint identifies only a general-negligence cause of action and no longer identifies an intentional-tort cause of action, a violation of *the Bane Act*, and the proposed First Amended Complaint likewise removes any allegations of violations of U.S. Constitutional rights.

Plaintiff's motion does not state that the intentional-tort and Bane Act claim is being dismissed with prejudice. Nor does it contain an unequivocal representation that Plaintiff will not seek to reassert that claim following remand. The City does not oppose remand to state court provided Plaintiff unequivocally and permanently abandons any claim that his arrest violated his rights under the United States Constitution.

## III. LEGAL STANDARD

Federal supplemental jurisdiction extends to state-law claims that form part of the same case or controversy as claims within the district court's original jurisdiction. 28 USCS § 1367.

When a plaintiff amends a removed complaint to eliminate every federal claim and leaves only state-law claims, federal jurisdiction follows the amended complaint and the action must return to state court. *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 25 (2025). Courts therefore look to the operative amended complaint when determining whether federal jurisdiction remains. *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 474 (2007).

The removal of an individual claim from a multi-claim complaint is governed by Rule 15 rather than Rule 41. *Hells Canyon Pres. Council v. United States Forest Serv.,* supra 403 F.3d at 687. A claim eliminated through a Rule 15 amendment is not, merely by its omission, dismissed with prejudice. *Id.*

However, a litigant may abandon a claim by clearly communicating that decision to the district court, and dismissal with prejudice is the price paid when that abandonment affects the federal forum. *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1094 (9th Cir. 2011).

## IV. ARGUMENT

### A. THE CITY DOES NOT OPPOSE REMAND FOLLOWING A BINDING ABANDONMENT OF THE SECOND CAUSE OF ACTION WITH PREJUDICE.

Plaintiff relies on his proposed First Amended Complaint, which omits the intentional-tort and Bane Act claim and identifies only general negligence. If that pleading becomes operative and no other basis for original federal jurisdiction remains, remand follows under

the Supreme Court's decision governing amended complaints in removed actions. *Royal Canin U.S.A., Inc. v. Wullschleger,* supra, 604 U.S. at 25 (2025).

The City does not seek to retain a purely state-law negligence action in federal court. It asks only that Plaintiff's stated abandonment of the jurisdiction-creating claim be made final and binding before the case returns to state court.

Accordingly, the City will not oppose remand if Plaintiff files an unequivocal written stipulation or abandonment providing that:

1. Plaintiff dismisses and permanently abandons with prejudice the second cause of action denominated "Intentional Tort," including any claim under California Civil Code section 52.1 arising from the events alleged in this action;

2. Plaintiff waives the right to replead, revive, or otherwise assert that claim in this action following remand; and

3. The Court's remand order expressly recognizes that the claim has been abandoned with prejudice.

That procedure gives effect to Plaintiff's stated intention to proceed solely on negligence while ensuring that the claim supporting removal is not temporarily omitted merely to secure a change of forum.

**B. OMISSION OF THE CLAIM FROM THE PROPOSED AMENDED COMPLAINT DOES NOT, BY ITSELF, PROVIDE THE REQUESTED FINALITY.**

The proposed First Amended Complaint omits the second cause of action, but omission alone is not equivalent to dismissal with prejudice. The Ninth Circuit has explained that Rule 15 governs the withdrawal of fewer than all claims and that prejudice does not automatically attach to a claim dropped through amendment before final judgment. *Hells Canyon Pres. Council v. United States Forest Serv.*, supra, 403 at 687. Other authority likewise recognizes that a voluntarily omitted claim may have the effect of a dismissal without prejudice and may later be realleged. *Google, Inc. v. Affinity Engines, Inc.*, No. C 05-00598 JW, 2005 U.S. Dist. LEXIS 37369, at *20, 2005 WL 2007888 (N.D. Cal. Aug. 12, 2005).

///

That distinction matters here. Plaintiff seeks remand because he has removed the federal theory from his proposed pleading. If omission alone secured remand while leaving Plaintiff free to revive the same claim afterward, the City would face renewed litigation over the claim that supplied the basis for removal.

An unequivocal abandonment with prejudice avoids that result. A plaintiff may abandon a claim through a clear written communication to the district court, and a dismissal with prejudice supplies the necessary finality. *Pitts v. Terrible Herbst, Inc.*, supra, 653 F.3d at 1094. The City's requested condition therefore does not prevent Plaintiff from narrowing his case; it ensures that the narrowing on which remand depends is binding.

**C. IF PLAINTIFF DECLINES TO ABANDON THE CLAIM WITH PREJUDICE, THE COURT SHOULD DENY THE MOTION WITHOUT PREJUDICE OR DEFER RULING.**

Plaintiff's present papers do not state that the second cause of action is abandoned with prejudice. They state only that the First Amended Complaint removes federal questions. Because Rule 15 amendment does not itself attach prejudice to an omitted claim, the proposed amendment does not provide the finality the City requests. *Hells Canyon Pres. Council v. United States Forest Serv*., supra, 403 F.3d at 687.

The Court should therefore permit remand only after Plaintiff files a binding written abandonment with prejudice and the Court memorializes it. If Plaintiff declines, the Court should deny the motion without prejudice or defer ruling until Plaintiff clarifies whether he permanently abandons the second cause of action.

## V. <u>CONCLUSION</u>

The City conditionally does not oppose remand if Plaintiff first unequivocally abandons with prejudice the second cause of action for intentional tort under *the Bane Act*, including the federal constitutional theory pleaded as part of that claim, and the Court memorializes that abandonment in its order.

///

///

If Plaintiff does not provide that binding abandonment, the City respectfully requests that the Court deny the motion without prejudice or defer ruling until the second cause of action has been finally resolved.

Respectfully submitted,

SUSANA ALCALA WOOD, City Attorney

Dated: November 24, 2026

By: */s/ Nicholas Sympson*
NICHOLAS SYMPSON
Sr. Deputy City Attorney

Attorneys for CITY OF SAN JOSE

# PROOF OF SERVICE

CASE NAME: Richie Hampton v. City of San Jose

CASE NO.: 5:26-CV-11037-NW

I, the undersigned declare as follows:

I am a citizen of the United States, over 18 years of age, employed in Santa Clara County, and not a party to the within action. My business address is 200 East Santa Clara Street, San Jose, California 95113-1905, and is located in the county where the service described below occurred.

On November 24, 2026, I caused to be served the within:

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT**

☒ by MAIL, with a copy of this declaration, by depositing them into a sealed envelope, with postage fully prepaid, and causing the envelope to be deposited for collection and mailing on the date indicated above.

I further declare that I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. Said correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business.

☒ by ELECTRONIC TRANSMISSION, with a copy of this declaration, to an electronic address listed below.

I further declare that the electronic transmission was sent on November 24, 2026, and that the City of San Jose, City Attorney's electronic address is CAO.Main@sanjoseca.gov.

The above-described transmission was reported as sent by a transmission report available for printing from the computer.

Addressed as follows:

Richie Hampton
1529C Street
Lincoln, NE 68502
Phone: (510) 798-0877
Email: macblvd@hotmail.com

Pro Per

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on November 24, 2026, at San Jose, California.

*/s/ Zulet Cruz*
Zulet Cruz